UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry Norman TAYLOR, Defendant–
Appellant.

No. 93–30434.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 18, 1995 *.

Decided Sept. 26, 1995.

Dennis N. Balske, Assistant Federal Public Defender, Portland, OR, for defendant-appellant.

Michael W. Mosman, Assistant United States Attorney, Portland, OR, for plaintiff-appellee.

Before: BROWNING, GOODWIN and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Terry N. Taylor appeals his conviction of five counts of filing false claims against the United States in violation of 18 U.S.C. § 287, and one count of making false statements in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, in part, and vacate and remand, in part.

Taylor contends that the district court erred by refusing to submit materiality, an essential element of 18 U.S.C. § 1001, to the jury. This contention has merit.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Section 1001 makes it a crime knowingly and willfully to falsify, conceal or cover up a material fact in any matter within the jurisdiction of the United States. In *United States v. Gaudin*, 28 F.3d 943 (9th Cir.1994), *aff'd,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), we reaffirmed the law of the circuit "that when the element of materiality requires a factual finding, as it does in section 1001 prosecutions, that element must be submitted to the jury." *Id.* at 951. We held, furthermore, that a district court's determination of materiality as a matter of law in an 18 U.S.C. § 1001 prosecution is reversible error. *Id.*

Here, the district court stated that it did not believe that materiality was an element of either 18 U.S.C. §§ 1001 or 287, but ruled that, in any event, materiality had been established as a matter of law and thus did not need to be submitted to the jury. Because materiality is an essential element of 18 U.S.C. § 1001, the district court erred in removing that question from the jury, and Taylor's conviction under 18 U.S.C. § 1001 must be reversed.

Taylor also contends that the same logic applied by the court in *Gaudin* to 18 U.S.C. § 1001 applies to 18 U.S.C. § 287, and thus the district court's refusal to submit the materiality question to the jury mandates reversal of his convictions under 18 U.S.C. § 287. The reasoning of *Gaudin* does not support its extension to 18 U.S.C. § 287.

First, 18 U.S.C. § 1001 explicitly makes materiality an element of the offense, 18 U.S.C. § 287 does not.[1] Second, this court has never held that materiality is an implicit element of 18 U.S.C. § 287. Finally, *Gaudin* makes clear that "the issue of materiality in most [criminal perjury and false statement] statutes is a question of law for the judge. The exception has been section 1001 cases, in which we have held that it is an element of the crime that must be determined by the jury." *Gaudin*, 28 F.3d at 945.

Accordingly, we affirm Taylor's convictions under 18 U.S.C. § 287, and reverse his conviction under 18 U.S.C. § 1001.

**AFFIRMED, in part, VACATED and REMANDED, in part.**

---

1. Section 287 provides that:

   Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title. 18 U.S.C. § 287.