**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold H. UCHIMURA, Defendant–Appellant.**

No. 94–10579.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 9, 1996.

Submission Deferred April 4, 1996.

Submitted Sept. 11, 1996.

Filed Feb. 25, 1997.

Opinion Withdrawn Sept. 17, 1997.

Decided Sept. 17, 1997.

Arthur E. Ross, Elizabeth A. Fisher, Honolulu, HI, for defendant-appellant.

Craig H. Nakamura, Assistant United States Attorney, Honolulu, HI, for plaintiff-appellee.

Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.

## ORDER

Appellee's petition for rehearing is granted. The opinion filed February 25, 1997, and published at 107 F.3d 1321, is withdrawn and the attached opinion is filed in its place.

## OPINION

REED, District Judge:

Appellant Harold H. Uchimura ("Uchimura") appeals his conviction for filing a materially false tax return in violation of 26 U.S.C. § 7206(1). The question presented is whether the trial court committed reversible error by ruling that "materiality" in the context of 26 U.S.C. § 7206(1) is a question of law for

* Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

1. In a separate, unpublished memorandum we affirm Uchimura's conviction and sentence for counts of conspiracy, distribution of drugs, and unlawful structuring of currency transactions.

the court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

## FACTS AND PROCEEDINGS BELOW

Until his retirement in 1991, Appellant was a police officer with the Honolulu Police Department. From 1983 to 1991, he worked in the Narcotics Vice Division, and in 1988 he began selling cocaine and crystal methamphetamine with two drug dealers he had arrested. On his 1990 tax return, Uchimura reported a 1990 joint taxable income of $32,-416. Based on his expenditures, though, the IRS calculated Uchimura's true 1990 joint taxable income as $136,163.

Uchimura was charged with, among other things, filing a materially false tax return (count 8) in violation of 26 U.S.C. § 7206(1). On June 9, 1994, the jury found him guilty, and on November 28, 1994, he was sentenced to 36 months for count 8 and longer concurrent terms for the other counts. Uchimura timely appealed.[2]

## DISCUSSION

### I. Materiality

Section 7206(1) makes it a crime for a person to file a tax return "which he does not believe to be true and correct as to every material matter." Uchimura argues that the district court erred by refusing to submit materiality to the jury. As of June 1994, when the jury was charged, whether a statement on a tax return was a "material matter" was a question of law for the court. *U.S. v. Flake*, 746 F.2d 535, 537 (9th Cir.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1220, 84 L.Ed.2d 360 (1985). After trial, however, the Ninth Circuit decided *U.S. v. Gaudin*, 28 F.3d 943 (9th Cir.1994) (en banc), which was affirmed by the Supreme Court on June 19, 1995. 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). *Gaudin* holds that materiality in the context of 18 U.S.C. § 1001 is a mixed question of law and fact for the jury to decide. 28 F.3d at 951, 515 U.S. at 522–

2. We deferred submission of Uchimura's appeal pending this Court's en banc rehearing of *U.S. v. Keys*, 67 F.3d 801 (9th Cir.1995). *See infra* Part II. We then postponed consideration of the parties' petitions for rehearing pending the Supreme Court's decision in *Johnson v. U.S.*, —— U.S. ——, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

24, 115 S.Ct. at 2320. The application of *Gaudin* in the context of 26 U.S.C. § 7206(1) is a question of first impression in this Circuit.

## A. *Gaudin*

In *Gaudin*, the defendant had been convicted of making false statements on Department of Housing and Urban Development loan documents, in violation of 18 U.S.C. § 1001. The trial court, as in the instant case, instructed the jury that materiality was a question of law for the court. The Supreme Court, in rejecting this holding, employed the following syllogism:

> The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; [the defendant] therefore had a right to have the jury decide materiality.

515 U.S. at 511, 115 S.Ct. at 2314.

Materiality is also one of the essential elements of 26 U.S.C. § 7206(1). *U.S. v. Marabelles*, 724 F.2d 1374, 1380 (9th Cir. 1984). Uchimura therefore also had a right to have a jury decide materiality.

Indeed, the Supreme Court's reasoning applies with equal potency to every crime of which materiality is an element. Accordingly, in every post-*Gaudin* perjury-type case where we have reached the issue this Court has ruled that materiality, if an element, must be submitted to the jury. *U.S. v. Keys*, 95 F.3d 874, 880 (9th Cir.1996) (en banc), *vacated on other grounds*, —— U.S. ——, 117 S.Ct. 1816, 137 L.Ed.2d 1025 (1997) (18 U.S.C. § 1623 (Perjury)); *Fecht v. Price Company*, 70 F.3d 1078, 1080 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1422, 134 L.Ed.2d 547 (1996) (15 U.S.C. § 78j(b) (Civil Securities Fraud)). *But see U.S. v.*

*Nash*, 115 F.3d 1431, 1436 (9th Cir.1997) (holding that materiality is an element of 18 U.S.C. § 1344 (Bank Fraud) but declining to decide whether it is a jury matter); *Hervey v. Estes*, 65 F.3d 784, 789 n. 4 (9th Cir.1995) (*Gaudin* not applicable to civil cases). We have also limited *Gaudin* to its syllogism; if materiality is not an element of the crime charged, then the jury need not consider it. *Nash*, 115 F.3d at 1435 (18 U.S.C. § 1014 (False Statement to FDIC)); *U.S. v. Taylor*, 66 F.3d 254, 255 (9th Cir.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 1105, 137 L.Ed.2d 307 (1997) (18 U.S.C. § 287 (False Claims Against the U.S.)).

## B. Materiality—A Mixed Question of Law and Fact

█ The government nonetheless argues that *Gaudin* is distinguishable because the respective definitions of materiality in 18 U.S.C. § 1001 and 26 U.S.C. § 7206(1) are different; "material" in 18 U.S.C. § 1001 means having "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Gaudin*, 28 F.3d at 948 (quotation omitted). Such a definition "almost always necessitates a factual inquiry." Appellee Br. at 30. By contrast, argues the government, the test for materiality in the present case was so clearly met that materiality was established as a matter of law.

This argument is, at first glance, beside the point. The Supreme Court's syllogism renders the fact/law distinction irrelevant-the only pertinent inquiry is whether materiality is an essential element of the crime. *Gaudin*, 515 U.S. at 510–12, 115 S.Ct. at 2314. Nevertheless, two other Circuits have reached this issue and have split on its resolution.[3] *U.S. v. DiRico*, 78 F.3d 732, 736 (1st Cir.1996) (using the *Gaudin* definition of

---

3. Six Circuits altogether have heard post-*Gaudin* Section 7206(1) cases. The Fourth Circuit did not reach the issue of whether materiality should go to the jury. *U.S. v. Aramony*, 88 F.3d 1369, 1383 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997) (assuming that materiality is a matter for the jury, reversal inappropriate because error was harmless). The Sixth Circuit hinted that materiality should go to the jury, but did not unequivocally reach the issue. *U.S. v. Tandon*, 111 F.3d 482, 489 (6th Cir.1997) (holding that defendant had

invited any error). The Fifth and Seventh Circuits held that materiality is a matter for the jury, but did not address the question of whether Section 7206 materiality is fundamentally different from 18 U.S.C. § 1001 materiality. *U.S. v. McGuire*, 99 F.3d 671, 672 (5th Cir.1996) (en banc), *cert. denied*, —— U.S. ——, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997). (materiality should have been submitted to the jury, but no harm since defendant acquitted of Section 7206 charge); *U.S. v. DiDomenico*, 78 F.3d 294, 303 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 507, 136

"material" in Section 7206(1) cases, materiality is a mixed question of law and fact for the jury to decide); *U.S. v. Randazzo*, 80 F.3d 623, 631 (1st Cir.1996) (same); *U.S. v. Klausner*, 80 F.3d 55, 60–61 (2d Cir.1996) ("material" means "essential to the accurate computation of ... taxes;" under such a definition, "no ... factual questions needed to be resolved by the jury in the present case").[4] In addition, this Court addressed the same argument when we applied *Gaudin* to the perjury statute, 18 U.S.C. § 1623. *Keys*, 95 F.3d at 878 (the Supreme Court's syllogism applies "because materiality contains a 'factual component'" (quoting *Gaudin*, 28 F.3d at 949)). We must therefore determine whether materiality has a factual component in this case, as well.

This Circuit has never explicitly defined "material" in § 7206(1), although our Model Jury Instructions for § 7206(2) define it as "something necessary to a determination of whether income tax was owed." Ninth Circuit Model Jury Instructions: Criminal 9.06E (1995). The definitions applied by other Circuits, and by at least one of our Districts, employ similar language. *Klausner*, 80 F.3d at 60 ("essential to the accurate computation of ... taxes"); *Aramony*, 88 F.3d at 1384 ("in order that the taxpayer estimate and compute his tax correctly"); *U.S. v. Warden*, 545 F.2d 32, 37 (7th Cir.1976) (same); *U.S. v. Rayor*, 204 F.Supp. 486, 491 (S.D.Cal.1962) (same). We now hold that information is material if it is necessary to a determination of whether income tax is owed.

Despite our adoption of a materiality definition similar to the one in *Klausner*, we cannot agree with the Second Circuit. The logic that must be employed (whether by a judge or by a jury) to deduce that a false statement is material renders materiality a "mixed question of law and fact." Under 18 U.S.C. § 1001, deciding whether a statement is material requires the determination of "at least two subsidiary questions of purely historical fact: (a) 'what statement was made?'; and (b) 'what decision was the agency trying to make?'." *Gaudin*, 515 U.S. at 512, 115 S.Ct. at 2314. Under 26 U.S.C. § 7206(1), deciding whether a statement is material surely requires a similar determination of (a) "what statement was made?"; and (b) "what information was necessary in this case to a determination of whether income tax was owed?".

The government correctly notes that the answer to (b) is spelled out in detail in the Internal Revenue Code and Regulations. Appellee Br. at 31. The answer to (b) in Section 7206 cases is therefore not "purely" a matter of historical fact. But each case is different, and the answer to (b) in each case is necessarily different. For example, a taxpayer is required to report her Social Security number on her tax return. But willfully falsifying one's Social Security number, while it may hinder the IRS' record keeping, normally does not affect a determination of whether income tax is owed. As a more cogent example, if one's legitimate deductions exceed one's true gross income, taxable income will be zero. Failure to report all income will thus have no effect on taxes owed, at least for that year, and unreported income therefore may not be necessary to a determination of whether income tax is owed.[5]

Under most circumstances, this Court's pre-*Gaudin* statement that "any failure to report income is material" is one with which most juries would agree, since any failure to report income usually affects a determination of whether tax is owed. *U.S. v. Holland*, 880 F.2d 1091, 1096 (9th Cir. 1989). But just because a jury usually would agree with such a statement does not mean that a jury *must* agree with it, as a matter of law. Even if any failure to report income is material in *most* circumstances, it is not necessarily material in *all* circumstances, since the materiality of an underreporting of in-

---

L.Ed.2d 398 (1996) (materiality should have been submitted to the jury, but conviction affirmed since error was not plain).

**4.** *Klausner* is actually about Section 7206(2), but the Second Circuit uses the same definition of materiality for Section 7206(1). *Klausner*, 80 F.3d at 60 n. 4.

**5.** We do not mean by this example that to satisfy the materiality element of § 7206 the government must show that additional tax is owed. *U.S. v. Marashi*, 913 F.2d 724, 736 (9th Cir.1990) (tax deficiency is not required by § 7206); *Marabelles*, 724 F.2d at 1380 (same). That no additional tax is owed of course has a bearing on materiality, but the question is ultimately one for the jury to decide.

come necessarily depends on the facts of each case. The materiality of other false statements on a tax return, such as deductions, is surely just as fact-dependent. For this reason, we cannot agree with the *Klausner* court's observation that a false statement is "material" merely because it renders the return "inaccurate." *Klausner*, 80 F.3d at 61.[6]

### C. Materiality Should Have Been Submitted to the Jury

■ In short, we conclude that *Gaudin* overturns our holding in *Flake*, and that materiality under 26 U.S.C. § 7206(1) is a mixed question of law and fact that must be submitted to the jury. Our holding today is based on a fact-sensitive definition of materiality, but even so, the Supreme Court's syllogism is inescapable. Indeed, the Supreme Court has held, in contexts other than 18 U.S.C. § 1001, that materiality is not a purely "legal" question. *Gaudin*, 515 U.S. at 510–14, 115 S.Ct. at 2314–15 (citing *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450, 96 S.Ct. 2126, 2132–33, 48 L.Ed.2d 757 (1976) (securities fraud), and *McLanahan v. Universal Ins. Co.*, 26 U.S. (1 Pet.) 170, 188–89, 191, 7 L.Ed. 98 (1828) (false statements in insurance applications)). Because Uchimura is entitled to the benefit of the law prevailing at the time of his appeal, including new rules such as this one, the district court's instruction removing the element of materiality from the jury's consideration was erroneous. *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987); *Keys*, 95 F.3d at 877.

### II. Plain Error

■ Uchimura faced at trial a "solid wall of circuit authority" holding that materiality was a question of law. *Flake*, 746 F.2d at

537; *Keys*, 95 F.3d at 878. As a result, he did not object to Instruction 35, which removed the element of materiality from the jury's consideration. In *Keys* we held that review for plain error under such circumstances "would be unconscionable," and that we would instead review for harmless error. *Keys*, 95 F.3d at 879; Fed.R.Crim.P. 52(a). We also held that where the trial court so removes proof of an element from the jury's determination, thus precluding the jury from considering whether the element existed at all, the error is "structural" and cannot be "harmless," since there can be no inquiry into what evidence the jury considered to establish that element. *Keys*, 95 F.3d at 880.

The Supreme Court vacated and remanded *Keys* in light of *Johnson v. U.S.*, — U.S. —, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). *U.S. v. Keys*, — U.S. —, 117 S.Ct. 1816, 137 L.Ed.2d 1025 (1997). The facts of *Johnson* closely parallel those of the present case: the defendant was tried for perjury (18 U.S.C. § 1623); materiality under 18 U.S.C. § 1623 at the time of trial was clearly a question of law for the court; the trial court therefore instructed the jury that the defendant's statements were material, to which instruction the defendant did not object; after trial, but before decision of the appeal, materiality became a question of fact for the jury; and the Eleventh Circuit reviewed the erroneous instruction for plain error. *Johnson*, — U.S. at — – —, 117 S.Ct. at 1547–48. The Eleventh Circuit found no plain error, and the Supreme Court affirmed, rejecting the "structural error" principle in the context of direct review of federal criminal cases. *Id.* at —, 117 S.Ct. at 1548.

■ We ordered supplemental briefing on the issues raised by *Johnson*. The parties agree that plain error is the proper standard of review.[7] Under Federal Rule of Criminal

---

6. The Second Circuit also noted that "the determination of materiality *in the present case* involved purely a question of law and was suitable for resolution by the district court ... [because] no ... factual questions needed to be resolved by the jury." *Klausner*, 80 F.3d at 60–61 (emphasis added). This reasoning bears upon plain error analysis, but it is inappropriate in determining whether materiality should be submitted to the jury. Case-by-case determinations of whether materiality is a question of law or fact are clearly foreclosed by *Gaudin*.

7. We need not consider Appellant's additional assertion that the instructional error in this case worked a "constructive amendment" of the Indictment. Appellant's Supp. Br. at 14–23. This argument is not addressed to the issues raised in *Johnson*, it is therefore not in compliance with our order regarding supplemental briefing, and in any event the point could have been raised initially but was not.

Procedure 52(b), plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Before an appellate court can correct such an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. *Johnson,* —— U.S. at ——, 117 S.Ct. at 1549 (citing *U.S. v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993)). If these three conditions are met, an appellate court may then exercise its discretion to notice a "forfeited" error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson,* —— U.S. at ——, 117 S.Ct. at 1549. Uchimura failed to object because he was "unaware of a right that [was] being violated," and the present error therefore constitutes a "forfeiture." *U.S. v. Perez,* 116 F.3d 840, 846 (1997). Had he instead intentionally relinquished or abandoned a known right, his failure to object would constitute a "waiver" and we would lack discretion to notice it. *Id.* at 845.

Clearly, the first element of this test is satisfied, since we have determined above that there was error. We need not determine whether that error was plain or affected substantial rights, however, since Uchimura's arguments on the fourth element do not persuade us. Previous cases teach that where the evidence of materiality is "overwhelming," or where the evidence shows that the defendant "grossly understated" his income, failure to submit materiality to the jury does not call into question the fairness, integrity, or reputation of judicial proceedings. *U.S. v. Knapp,* 120 F.3d 928, 932 (9th Cir.1997); *Nash,* 115 F.3d at 1437.

In this case the circumstances are similar. Because the government employed the "indirect expenditures" method of proving an understatement of taxable income, the jury necessarily found that Uchimura's true income was "substantially in excess" of his reported income. Instruction 29 (ER 323). That is, the government persuaded the jury beyond a reasonable doubt that Uchimura substantially understated his taxable income; surely this omitted income was necessary to a determination of whether income tax was owed.

Under such circumstances, "it would be the *reversal* of a conviction such as this which would ... seriously [affect] the fairness, integrity or public reputation of judicial proceedings." *Perez,* 116 F.3d at 848 (internal quotation omitted and emphasis added).

AFFIRMED.