**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DARRELL CLIFTON,

     Defendant-Appellant.

No. 96-5018

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CR-36-K)

_____

John D. Russell, Assistant United States Attorney (Stephen C. Lewis, United States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

Craig Bryant, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, with him on the brief), Tulsa, Oklahoma, for Defendant-Appellant.

_____

Before BALDOCK, KELLY, and BRISCOE, Circuit Judges.

_____

BALDOCK, Circuit Judge.

_____

Defendant Darrell Clifton underreported his taxable income for the years 1988-90. A jury convicted Defendant on three counts of subscribing to materially false income tax returns, in violation of 26 U.S.C. § 7206(1). Rather than submitting the element of materiality to the jury as <u>United States v. Gaudin</u>, 515 U.S. 506 (1995) required, the district court decided the element as a matter of law. On appeal, Defendant complains for the first time that the district court's decision constitutes reversible error. We exercise jurisdiction under 28 U.S.C. § 1291. Because Defendant did not object at trial, we review the district court's decision only for plain error under Fed. R. Crim. P. 52(b). Applying <u>Johnson v. United States</u>, 117 S. Ct. 1544 (1997), we hold that the error did not seriously affect the fairness, integrity or public reputation of judicial proceedings. Accordingly, we affirm.

I.

Section 7206(1) proscribes filing a federal tax return which the taxpayer "does not believe to be true and correct as to every material matter." Because materiality is an element of a § 7206(1) offense, <u>see</u> <u>United States v. Samara</u>, 643 F.2d 701, 703 (10th Cir. 1981) (§ 7206(1) requires proof of a false statement, willfully made, of a material matter), Defendant had the right to have the jury decide materiality. As the Supreme Court instructed us in <u>Gaudin</u>, 515 U.S. at 511:

The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; [defendant] therefore had a right to have the jury decide materiality

Despite Gaudin, the government suggests that materiality under 26 U.S.C. § 7206(1) remains a question of law for the court. In Gaudin, the Court addressed materiality under 18 U.S.C. § 1001, which proscribes the making of false statements to the government. The Court defined a material statement under § 1001 as having "a natural tendency to influence, or capable of influencing, the decision of the decisionmaking body to which it was addressed." Gaudin, 515 U.S. at 509. The Court concluded that materiality under § 1001 was a mixed question of law and fact for the jury. Id. at 511-15. In comparison, we have defined materiality under § 7206(1) as information necessary "in order that the taxpayer . . . compute his tax correctly." United States v. Strand, 617 F.2d 571, 574 (10th Cir. 1980) (internal quotations omitted). The government contends that this definition makes the element of materiality in this case purely a question of law for the court because Defendant's failure to report taxable income caused his tax returns to be inaccurate. See United States v. Klausner, 80 F.3d 55, 58-61 (2d Cir. 1996) (holding that materiality under § 7206(2) was a question of law for the court because false itemized deductions necessarily resulted in an inaccurate computation of tax). We do not agree.

3

Rather, we agree with the Ninth Circuit's recent pronouncement in United States v. Uchimura, ___ F.3d ___, 1997 WL 573130 at *2 (9th Cir. 1997), that "[t]he Supreme Court's syllogism [in Gaudin] renders the fact/law distinction irrelevant--the only pertinent inquiry is whether materiality is an essential element of the crime." This must be so because even where the facts are undisputed, a criminal defendant still has the right to insist that the jury find each and every element of the crime beyond a reasonable doubt. Otherwise, directed verdicts for the government would be permissible. See Sullivan v. Louisiana, 508 U.S. 275, 280 (1993).

To be sure, a jury usually will find a failure to report income material because such failure usually will affect the computation of tax. But as the Ninth Circuit recognized:

> [J]ust because a jury usually would agree with such a statement does not mean that a jury must agree with it, as a matter of law. Even if any failure to report income is material in most circumstances, it is not necessarily material in all circumstances, since the materiality of an underreporting of income necessarily depends upon the facts of each case.

Uchimura, 1997 WL 573130 at *3. For instance, if a taxpayer's allowable deductions exceed taxable income in a taxable year, no income tax will be due for that year. Therefore, taxpayer's failure to report all taxable income will not affect the computation of tax, which in turn might very well affect the jury's deliberations on the element of materiality. For these reasons, we hold that materiality in a § 7206(1) prosecution is an element of the crime which the district court must submit to the jury, unless of course

4

defendant waives the right.[1]

## II.

Undoubtedly then, the district court erred when it decided the element of materiality as a matter of law. Before we may correct an error not raised at trial, however, we must conclude that the error was both plain and affected Defendant's substantial rights. Fed. R. Crim. P. 52(b); see generally United States v. Olano, 507 U.S. 725, 731-37 (1993). Only then may we exercise our discretion to correct the error, "but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Johnson, 117 S. Ct. 1544, 1549 (1997) (internal quotations and brackets omitted) (emphasis added).

In Johnson, the Court held last term that a district court did not commit reversible error in deciding the element of materiality as a matter of law in a perjury prosecution under 18 U.S.C. § 1623, despite Gaudin. The Court concluded that the error was plain, but bypassed the question of whether the error affected defendant's substantial rights. Instead, the Court concluded that because the evidence of materiality at trial was

---

[1] We note that Defendant's first trial, which occurred prior to the Supreme Court's decision in Gaudin, ended with a hung jury. Defendant's second trial, however, occurred a month after the Court decided Gaudin. Thus, Defendant was not necessarily unaware of his right to have the element of materiality submitted to the jury. Nevertheless, we will give Defendant the benefit of the doubt in this instance. Had Defendant intentionally relinquished or abandoned a known right, his failure to object would constitute waiver and we would lack discretion to notice it under Fed. R. Crim. P. 52(b). See United States v. Olano, 507 U.S. 725, 732-33 (1993).

"overwhelming" and "essentially uncontroverted," the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings:

> Indeed, it would be the reversal of a conviction such as this which would have that effect. Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it. No miscarriage of justice will result here if we do not notice the error, and we decline to do so.

Johnson, 117 S. Ct. at 1550 (internal citations and quotations omitted).

While the district court's failure to submit the element of materiality to the jury in this case constitutes error which is plain under Gaudin, see Johnson, 117 S. Ct. at 1549, we, like the Court in Johnson, need not determine whether the error affected Defendant's substantial rights because Defendant has not persuaded us that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Defendant stipulated at trial that he underreported his taxable income for the years 1988-90 by $30,000, $40,000, and $76,000 respectively. Defendant did not dispute owing additional tax as a result. Surely then, the taxable income Defendant omitted from his federal income tax returns was necessary to a correct computation of tax, and thus material.

Accordingly, the judgment of the district court is

AFFIRMED.