**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

BRENDA KAY SCARBERRY, also
known as Brenda Raymond, also
known as Brenda Jordan,

     Defendant - Appellant.

No. 99-6234
(D.C. No. 98-CR-21-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Brenda Scarberry appeals from her conviction of two counts of making and

subscribing to false tax returns, 26 U.S.C. § 7206(1) & 18 U.S.C. § 2 and one

count of aiding and assisting in the preparation of false tax returns in violation of

26 U.S.C. § 7206(2). She was sentenced to 15 months imprisonment to be

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

followed by two years of supervised release.

On appeal, Ms. Scarberry contends that (1) the evidence is insufficient to support the convictions; (2) the revenue agent testified as to the law; (3) the district court erred in excluding the testimony of another ex-wife of Tony Scarberry, Jr.; (4) the jury was not instructed as to the defense's theory of the case; and (5) her motion to suppress was denied in error. Our jurisdiction arises under 28 U.S.C. §1291 and we affirm.

## Background

Ms. Scarberry was married to Tony Scarberry, Jr., from 1990 until 1996. During their marriage, the Scarberrys filed joint tax returns, including for the 1994 tax year. In 1994 Ms. Scarberry, using her maiden name of Brenda Jordan, filed a joint return with Tony Scarberry, Jr. claiming business losses associated with Mr. Scarberry's part-time employment as a carpet installer (count 2). Ms. Scarberry also filed a 1994 joint return with Craig Raymond, her current husband, claiming an incorrect marital status (count 3). Ms. Scarberry prepared tax returns for compensation, including one for Monte Hamman, reporting a $6,710 farm loss (count 8).

Discussion

A. <u>Sufficiency of the Evidence</u>

We review a sufficiency of the evidence claim de novo, viewing the evidence and its reasonable inferences in the light most favorable to the government. The issue is whether a rational jury could have found the elements of the offense beyond a reasonable doubt. <u>See</u> <u>United States v. McSwain</u>, 197 F.3d 472, 477 (10th Cir. 1999). To establish a violation of § 7206(1), the government was required to prove that Ms. Scarberry (1) made and subscribed a return, (2) the return contained a written declaration that it was being signed subject to the penalties of perjury, (3) she did not believe the return to be true and correct as to every material matter contained in the indictment, and (4) she acted willfully in filing the return. <u>See</u> <u>United States v. Winchell</u>, 129 F.3d 1093, 1095-96 (10th Cir. 1997). To establish a violation of § 7206(2), the government was required to prove that Ms. Scarberry (1) aided or assisted or otherwise caused the preparation and presentation of a return, (2) the return was false or fraudulent as to a material matter, and (3) she acted wilfully. <u>See</u> <u>United States v. Aramony</u>, 88 F.3d 1369, 1382 (4th Cir. 1996).

Ms. Scarberry argues that the government failed to prove she acted wilfully regarding the three counts of conviction, that the filing status of taxpayer is not material as a matter of law, and that venue was improper on count 3. Willfulness

- 3 -

is the voluntary, intentional violation of a known legal duty. See Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Guidry, 199 F.3d 1150, 1156 (10th Cir. 1999). Making false entries or documents or invoices may be circumstantial evidence of willfullness. See Guidry, 199 F.3d at 1157.

### 1. Count 2--1994 Jordan/Scarberry Return

In challenging the proof of wilfulness, Ms. Scarberry argues that she cannot be presumed to have known that the information was false and that her husband theoretically may have been able to claim expenses in driving to a part-time work site. However, we reject this challenge after considering Mr. Scarberry's testimony as to his non-involvement with the preparation of the return and the nature of his part-time work. When she prepared the return, Ms. Scarberry had been married to him for over four years. The jury could reasonably infer that she knew he worked full-time as a sheet metal worker, and only occasionally as a carpet installer, the business for which a loss of $11,160 was claimed. Additionally, Ms. Scarberry almost certainly knew her husband did not own the carpet installation business, but only worked as a helper, and thus was not entitled to business loss deductions. Mr. and Ms. Scarberry were separated at the time she completed the tax forms; according to his testimony, he provided no information or documentation concerning any of the items that comprise the business expenses claimed, see Tr. at 437-41; he merely picked up the completed

form to sign.

    2.  <u>Count 3--1994 Jordan/Raymond Return</u>

Ms. Scarberry, again using her maiden name of Brenda Jordan, also filed a 1994 income tax return with Craig Raymond, with the filing status of "married filing jointly." Given the obviousness of one's marital status in these circumstances, the jury certainly could infer that her conduct was willful. Ms. Scarberry also contends that the government failed to prove that the filing status, here, "married filing jointly," was material. Material information under § 7206(1) is that information necessary to enable the correct determination of tax liability. See <u>United States v. Clifton</u>, 127 F.3d 969, 970 (10th Cir. 1997). She argues that the government offered no evidence to show that the false filing status had affected the tax calculation.

Ms. Scarberry understates the record when she suggests that the revenue agent stated that all discrepencies are material. Aplt. Br. at 27. The revenue agent specifically testified that filing status affects tax rates, dependency status for children, and computation of the earned income credit. Tr. at 446-47. A reasonable jury could certainly conclude that incorrect filing status is material.

Ms. Scarberry also contends that venue for this count was improper. Venue for the trial of a defendant charged with violating 26 U.S.C. §7206(1) is proper in the district where the return was made and subscribed. Ms. Scarberry

claims that the government did not prove that the return was made or subscribed in the Western District of Oklahoma.

Ms. Scarberry waived this claim by failing to object to venue at trial or requesting an instruction on venue. See United States v. Miller, 111 F.3d 747, 750 (10th Cir. 1997). Additionally, she signed the return on March 20, 1995, and record evidence suggests that she was residing in Oklahoma at that time. See Tr. at 140. Allowing this count to be heard in the Western District of Oklahoma was not plain error.

3. Count 8--1993 Monty Hamman Return

Ms. Scarberry's claim of insufficient evidence on this count is similarly unpersuasive. She assisted in the preparation of a 1993 income tax return for Monte Hamman that falsely claimed a $6,710 farming loss on a cattle ranch. Testimony at trial indicated that Mr. Hamman was a truck driver rather than a rancher and did not have the education or reading ability to understand what was claimed on his return. He merely signed where he was told. Additional testimony established that the only documentation he gave Ms. Scarberry was his W-2 form, and he never mentioned having a cattle ranch. A reasonable jury could believe that any false information was attributable to Ms. Scarberry and that her conduct was willful. Courts have sustained § 7206(2) convictions on similar facts. See United States v. Conlin, 551 F.2d 534, 536 (2d Cir. 1977);

United States v. Miller, 529 F.2d 1125, 1127, 1129 (9th Cir. 1976); Amos v. United States, 496 F.2d 1269, 1271, 1273-74 (8th Cir. 1974).

B. Expert Testimony on Materiality

For the first time on appeal, Ms. Scarberry objects to the testimony of the revenue agent. He testified that certain line items the government claimed were false were material to computation of tax liability. Ms. Scarberry argues that the agent was impermissibly allowed to define the law of the case. She bases her argument on Specht v. Jensen, 853 F.2d 805 (10th Cir. 1988) (en banc), cert. denied, 488 U.S. 1008 (1989), where the court held that a legal expert could not testify as to the ultimate legal issues in the case.

Because she raises this issue for the first time on appeal, we review for plain error only. See United States v. Deters, 184 F.3d 1253, 1258 (10th Cir. 1999). No such error occurred here; the revenue agent's testimony merely assisted the jury in understanding the facts in evidence; in no way did it supplant the function of the court to define the law and the jury to apply it.

C. Exclusion of Ex-Wife's Testimony

Ms. Scarberry alleges that the district court erred in excluding the testimony of Linda Prestwich, an ex-wife of Tony Scarberry, Jr. Ms. Scarberry argued that Mr. Scarberry had a proclivity to force people to sign false returns when he would benefit. According to the offer of proof, Mr. Scarberry forced

Ms. Prestwich to sign a false 1989 joint return when she was married to someone else.  Tr. at 557.  We review the exclusion of evidence for an abuse of discretion.  See United States v. Beers, 189 F.3d 1297, 1300 (10th Cir. 1999).  While there was other evidence that Mr. Scarberry forced Ms. Scarberry into the tax preparation business and took the proceeds, there simply was no foundation that Ms. Scarberry was forced by Mr. Scarberry to file the returns comprising the counts of conviction.  The trial judge did not abuse his discretion.

D.  Refusal to Instruct on Theory of Defense

Ms. Scarberry requested a type of duress instruction, claiming that she was not capable of acting willfully and with the requisite intent because of the abuse she had suffered at the hands of her ex-husband. [1]  We review a district court's decision to deny a particular instruction for an abuse of discretion.  See Davoll v. Webb, 194 F.3d 1116, 1131 (10th Cir. 1999).

A defendant is entitled to an instruction on her theory of defense if the instruction is a correct statement of law and supported by sufficient evidence.  See United States v. Bindley, 157 F.3d 1235, 1241 (10th Cir. 1998).  In this case, Ms. Scarberry did not show "'(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no

---

[1]The transcript of the jury instructions conference indicates that counsel tendered the instruction, and that the court denied it.  However, the exact form of the requested instruction does not appear in the record.

reasonable opportunity to escape the threatened harm.'" United States v. Merchant , 992 F.2d 1091, 1096 (10th Cir. 1993) (citation omitted).  While some evidence may have indicated that Ms. Scarberry was threatened by Mr. Scarberry in connection with her tax return activities, it is too far removed from establishing duress in the preparation and signing of the returns described in the indictment.

E.  Motion to Suppress Evidence

Ms. Scarberry argues that her mother was tricked into turning over a box of papers when a revenue agent told her that he was authorized by Ms. Scarberry to collect the box.   See United States v. Tweel  , 550 F.2d 297, 299 (5th Cir. 1977). "A consensual search is unreasonable under the Fourth Amendment or violative of due process under the Fifth Amendment if the consent was induced by fraud, deceit, trickery, or misrepresentation by the revenue agent."     United States v. Peters , 153 F.3d 445, 451 (7th Cir. 1998).  The burden is on a defendant to prove agent misconduct by clear and convincing evidence.     See United States v. Powell  , 835 F.2d 1095, 1098 (5th Cir. 1988).

The district court declined to suppress evidence from the box after hearing the testimony of both Ms. Scarberry's mother and the revenue agent, finding that the agent "did not make the statement that he had the permission of the Defendant and that these documents were turned over voluntarily by the

Defendant's mother and not based upon any representations about the willingness of the Defendant to have them turned over." Tr. at 345-46. Having carefully reviewed the record, we hold that the trial court's findings are not clearly erroneous.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge