**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50110 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00548-ODW-1 |
| v. | |
| MICHAEL HUYNH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 9, 2018[**]
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[***] District Judge.

Michael Huynh appeals his conviction on one count of conspiracy to commit

medical fraud in violation of 18 U.S.C. § 371 and eleven counts of subscribing to a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

false tax return in violation of 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we AFFIRM.

1. Huynh argues that a statement made by the district court during voir dire constitutes reversible error. We disagree. Because Huynh led the court to believe that its instructions following the statement fully addressed his objection, we review for plain error. *United States v. Davis*, 36 F.3d 1424, 1431 (9th Cir. 1994) ("Because [the defendant] withdrew his objection to these instructions, we review for plain error." (footnote omitted)). Here, even assuming there was an error, that error would not meet the plain error standard.

A plain error exists when: 1) there was an "an error or defect"; 2) the error was "clear or obvious, rather than subject to reasonable dispute"; 3) "the error . . . affected the appellant's substantial rights," which means that the error "affected the outcome of the district court proceedings"; and 4) if the first three prongs are met, the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734, 736 (1993)).

During voir dire, the court asked the jury a hypothetical question to resolve some confusion among the prospective jurors. Much of this hypothetical was phrased as if it were fact. However, both the Government and the district court immediately explained to the prospective jurors that the question was hypothetical

2

and was not evidence. Huynh has cited no case that shows the statement, as immediately clarified, was clearly an error. *See United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) ("An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results."). Further, given the overwhelming evidence against Huynh, the statement cannot be said to have affected the outcome of the case.

2. Huynh also takes issue with the jury instruction stating that the prosecution was "not required to prove that any additional tax was due to the government or that the government was deprived of any tax revenues by reason of any filing of any false return." Specifically, he contends that because "a tax loss [was] the only material false statement charged in [the] tax counts," this instruction allowed the jury to convict him under Section 7206(1) without finding that his filings were incorrect as to material matters. This argument misrepresents the nature of the charges against him. Huynh was charged with and convicted of underreporting income—not underreporting tax liability. Moreover, the challenged instruction is consistent with the principle that "[t]he existence of a tax deficiency is not an element of this crime" under Section 7206(1). *United States v. Marabelles*, 724 F.2d 1374, 1380 (9th Cir. 1984); *see also United States v. Marashi*, 913 F.2d 724, 736 (9th Cir. 1990) ("Section 7206(1) is a perjury statute; it is irrelevant whether there was an actual tax deficiency."). And we are not

3

persuaded by Huynh's citation to *United States v. Uchimura*, 125 F.3d 1282 (9th Cir. 1997), that the instruction took the materiality decision away from the jury.

3. Next, Huynh argues that his rights under the Confrontation Clause of the Sixth Amendment were violated because the court prevented defense counsel from effectively cross-examining a pharmacist witness. This argument mischaracterizes the nature of the events. The court asked clarifying questions, after which defense counsel resumed cross-examination of the witness—without any limitations imposed by the court. Regardless of the standard of review that applies, Huynh has therefore not demonstrated that any violation occurred.

4. Huynh further argues that his Fifth and Sixth Amendment rights were violated because the court allowed the introduction of hearsay evidence when it permitted the pharmacist to testify about Huynh's share of the profits. Even assuming these statements constituted hearsay, and even assuming we review de novo, the admission of this testimony was not prejudicial. Indeed, any error would be "harmless beyond a reasonable doubt," *United States v. Bustamante*, 687 F.3d 1190, 1195 (9th Cir. 2012), because there was plenty of evidence proving that Huynh received over $1 million through the scheme.

5. Finally, Huynh argues that there was insufficient evidence to support his convictions because the Government did not call key witnesses, did not prove fraud because a letter sent by the pharmacy purportedly showed that any billing

4

problems were products of human error, and did not prove that Huynh intentionally subscribed to false tax returns because he was aware a failure to report income would result in the IRS issuing a Form CP-2000. When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Though Huynh points to a few pieces of evidence that support his arguments, he fails to address the evidence against him, which is more than sufficient to show that a rational juror could have found beyond a reasonable doubt that he was guilty.

AFFIRMED.