PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

No. 96-3270

MICHAEL M. McINTOSH,

    Defendant - Appellant.

ORDER ON PETITION FOR REHEARING

Filed September 24, 1997

Before KELLY, HOLLOWAY, and HENRY, Circuit Judges.

Michael M. McIntosh petitions for rehearing. The rehearing petition is GRANTED to the extent that the opinion in Part I(A) is supplemented with the following concluding paragraph:

> Mr. McIntosh argues that insufficient evidence supports his convictions on Count 3, charging him with concealment of the Pilcher fee in violation of 18 U.S.C. § 152(7), and Count 13, charging him with making a false statement on the March Operating Report regarding that fee in violation of 18 U.S.C. § 152(3). We conclude _infra_ that the two counts are multiplicitous, but we reject Mr. McIntosh's argument that the evidence is insufficient for want of materiality. Merely because it is ultimately determined that an asset

is not includible as part of the bankruptcy estate does not mean that the omitted information is incapable of influencing the proceedings, see United States v. Gaudin, 515 U.S. 506, 509 (1995) (definition of materiality under 18 U.S.C. § 1001). To the contrary, where the debtor is under a duty to disclose, the bankruptcy court must know about an asset to determine its status, including whether it is property of the estate or, in a reorganization case, how it affects the feasibility of the debtor's plan. See United States v. Ellis, 50 F.3d 419, 423 (7th Cir.), cert. denied, 116 S. Ct. 143 (1995); United States v. Cherek, 734 F.2d 1248, 1254 (7th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). The bankruptcy trustee so testified. Vol. II, Trial Transcript, at 97-98.

In all other respects, the rehearing petition is DENIED.

IT IS SO ORDERED.

F I L E D
United States Court of Appeals
Tenth Circuit

AUG 27 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

MICHAEL R McINTOSH,

      Defendant - Appellant.

No. 96-3270

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-20082-01)

Daniel E. Monnat, Monnat & Spurrier, Chartered, Wichita, Kansas, for Defendant - Appellant.

Robert S. Streepy, Assistant United States Attorney (Jackie N. Williams, United States Attorney, with him on the brief), Kansas City, Kansas, for Plaintiff - Appellee.

Before KELLY, HOLLOWAY, and HENRY, Circuit Judges.

KELLY, Circuit Judge.

Michael M. McIntosh appeals from his conviction and sentence on four counts of bankruptcy fraud in violation of 18 U.S.C. §§ 2 and 152 and on nine counts of money laundering in violation of 18 U.S.C. §§ 1956-1957. Our

jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, reverse in part, and remand the matter to the district court.

## Background

When nearly $445,000 in overdue federal and state tax obligations threatened to cause eviction from his law office, Mr. McIntosh filed a petition for bankruptcy relief under Chapter 11 on November 12, 1991. Alleged omissions from the schedules and reports required in connection with that petition formed the basis of the criminal charges against Mr. McIntosh. The alleged omissions concerned a contingency fee received during the pendency of the bankruptcy proceedings, the house in which Mr. McIntosh lived, and his interest in an unincorporated business.

In 1987, Mr. McIntosh entered into a contingency fee arrangement pursuant to which he represented Wanda Pilcher in a wrongful termination suit against her former employer, Wyandotte County. The agreement provided that, in exchange for his legal services on Ms. Pilcher's behalf, Mr. McIntosh would receive half of any amount recovered after a second trial or an appeal. The agreement also provided that if Ms. Pilcher had no recovery Mr. McIntosh would receive no payment. After the verdict in the first trial was set aside following an appeal, the matter was again tried in a Kansas state court before a jury, which found for Ms. Pilcher. That judgment was affirmed by the Kansas Court of Appeals, and the

Supreme Court of Kansas denied certiorari on March 10, 1992. Wyandotte County thereafter issued a check in satisfaction of the judgment, and made it payable to both Mr. McIntosh and Ms. Pilcher.

On March 26, 1992, Mr. McIntosh and Ms. Pilcher negotiated the check from Wyandotte County and had several smaller checks issued. Mr. McIntosh's share was divided into two checks: one for $57,500 made payable to Mr. McIntosh's law firm and the other for $68,000 made payable to Mr. McIntosh. Mr. McIntosh then negotiated the $68,000 check at another bank and had a number of cashier's checks issued in his own name. The largest of those checks—for approximately $22,700—was deposited into an account held by Mr. McIntosh on behalf of his unincorporated business, Fortex Industries (Fortex). Five other cashier's checks in varying amounts indicated that they were to satisfy personal obligations. Mr. McIntosh's March Operating Report was submitted to the bankruptcy trustee on July 1, 1996. It reported receipt of only $57,500 of the total fee Mr. McIntosh had received from Ms. Pilcher.

Eleven of the counts for which Mr. McIntosh was indicted were based upon these transactions pertaining to the Pilcher fee. Count 3 of the indictment charged Mr. McIntosh with fraudulent concealment of $68,000 of the Pilcher fee in violation of 18 U.S.C. § 152 (bankruptcy fraud), and Count 13 charged him with making a false statement on the March Operating Report by virtue of

reporting only a portion of the fee, in violation of the same section. Counts 4 through 12 of the indictment charged Mr. McIntosh with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Counts 4 and 5 pertained to the exchange of the check from Wyandotte County in settlement of the Pilcher matter for the $57,000 check made payable to Mr. McIntosh's law firm and the $68,000 check made payable to Mr. McIntosh personally. Counts 6 through 12 corresponded to the individual cashier's checks for which Mr. McIntosh exchanged the $68,000 check. Count 11 of the indictment charged Mr. McIntosh with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) in connection with his deposit of a cashier's check for approximately $22,700 into the Fortex account. Count 12 charged Mr. McIntosh with engaging in a monetary transaction in violation of 18 U.S.C. § 1957 in connection with his use of a cashier's check for approximately $14,465 to pay off a bank loan.

Mr. McIntosh's bankruptcy filings also failed to disclose his financial interest in Fortex, a business which placed cassette tapes and other items for sale at truck stops and convenience stores, and income that business earned. Mr. McIntosh mentioned Fortex to the attorney who represented him in the bankruptcy proceeding, but the attorney decided not to disclose Fortex on the initial schedules because he needed to discuss the valuation of that interest with Mr. McIntosh's accountant. Fortex was never included in the bankruptcy filings; the attorney

-4-

testified at trial that he was remiss about the matter. The attorney also testified that he recalls mentioning in passing at the 341 meeting the need to amend the schedules to include Fortex, but no mention of Fortex is contained on the transcription of the tape made of the meeting. Count 1 of the indictment charged Mr. McIntosh with fraudulent concealment of his financial interest in Fortex—and in the house in which he lived—in violation of 18 U.S.C. § 152; Count 2 charged him with fraudulent concealment of approximately $68,500 in income from Fortex in violation of the same section.

Mr. McIntosh and his children lived in a home at 8401 New Jersey in Kansas City, Kansas (the New Jersey property). Mr. McIntosh's father purchased that property in 1983. In lieu of rent payments, Mr. McIntosh made the mortgage payments on the property. The New Jersey property was not reported on the bankruptcy filings. As noted, Count 1 of the indictment also charged Mr. McIntosh with fraudulent concealment of his financial interest in the New Jersey property in violation of 18 U.S.C. § 152.

Mr. McIntosh was tried before a jury, which convicted him on all thirteen counts. The district court denied Mr. McIntosh's motion for a judgment of acquittal, and imposed a sixty-month prison sentence for the bankruptcy fraud counts and a concurrent sentence of sixty-three months for the money laundering

counts. The district court also ordered Mr. McIntosh to pay a special assessment of $650. Mr. McIntosh appeals both his convictions and his sentence.

## Discussion

Mr. McIntosh argues that the evidence at trial was insufficient to support his conviction on all thirteen counts, and that several of the counts are multiplicitous. Mr. McIntosh also argues that the district court committed several errors in instructing the jury and in admitting evidence. Finally, he argues that the district court erred in sentencing him.

## I. Sufficiency of the Evidence

Mr. McIntosh challenges the sufficiency of the evidence against him on both the bankruptcy fraud and money laundering counts. We consider the sufficiency of the evidence in the light most favorable to the jury's verdict, and determine whether any rational trier of fact could have found, from the direct and circumstantial evidence presented to it, together with the reasonable inferences therefrom, the essential elements of the crime beyond a reasonable doubt. United States v. Mitchell, 113 F.3d 1528, 1530 (10th Cir. 1997); United States v. Contreras, 108 F.3d 1255, 1264 (10th Cir. 1997), petition for cert. filed, June 7, 1997 (No. 96-9286).

## A. Sufficiency of the Evidence of Bankruptcy Fraud

Mr. McIntosh first challenges the sufficiency of the evidence supporting the four bankruptcy fraud convictions. A person who knowingly and fraudulently transfers or conceals property with the intent to defeat the provisions of the Bankruptcy Code violates 18 U.S.C. § 152(7).

Mr. McIntosh argues that insufficient evidence supports his intent to conceal his financial interest in Fortex and the income it generated. He reasons that because he mentioned Fortex to his attorney, and his attorney failed to list that asset on the bankruptcy filings, his conviction must be reversed. This argument ignores, however, the evidence of Mr. McIntosh's intent to conceal information about Fortex from the bankruptcy court and his creditors—and from his attorney.

In a bankruptcy proceeding, the duty to disclose assets falls upon the debtor—whether or not that debtor is represented by counsel. Mr. McIntosh signed the bankruptcy schedules over a warning that his failure to provide complete and accurate data on those forms could result in prosecution, and Mr. McIntosh's attorney testified that he explained to Mr. McIntosh the significance of his signature on those forms. Those schedules failed to list the checking account titled in Mr. McIntosh's name on behalf of Fortex. Mr. McIntosh also

failed to report to the bankruptcy court his deposit of nearly $23,000 into that account.

The attorney who represented Mr. McIntosh acknowledged that he had been informed generally about Fortex and that he intended to—but ultimately did not—investigate the extent of Mr. McIntosh's interest in that entity and amend the schedules if necessary. The attorney also testified that Mr. McIntosh concealed from him information about the value of Fortex and the income it generated. A revenue agent testified at trial that, during an interview, Mr. McIntosh estimated his earnings from Fortex at about $50,000 annually. After his discussion of the matter with Mr. McIntosh, however, the attorney was left with the impression that Fortex was not an asset of great value. Mr. McIntosh never informed his attorney of the Fortex bank account, nor of the income deposited in that account during the pendency of the bankruptcy proceedings. Mr. McIntosh's accountant also testified that Mr. McIntosh told him to remove mention of Fortex from the data he prepared for the bankruptcy filings. Although, for reasons discussed later in this opinion, we reverse Count 1 and conclude that Mr. McIntosh was entitled to an advice-of-counsel instruction on that count regarding his financial interest in Fortex, we find ample evidence supporting the jury's conclusion that Mr. McIntosh intended to commit bankruptcy fraud by concealing income generated by Fortex.

Mr. McIntosh next challenges his bankruptcy fraud conviction for failing to report his interest in the New Jersey property. A debtor in a bankruptcy proceeding is required to disclose all property owned at the commencement of the case. Mr. McIntosh did not own the New Jersey property. Instead, the only evidence reflected that the property was owned by and titled in his father's name. Although Mr. McIntosh lived in the house and paid the monthly mortgage payments, the government offered no evidence at trial to establish that Mr. McIntosh had a legal or equitable ownership interest in the property. A debtor need not report property in which he holds no legal or equitable interest to the bankruptcy court. See *In re* Vitek, Inc., 51 F.3d 530, 536 n.27 (5th Cir. 1995).

Count 1 charged Mr. McIntosh with concealment of his financial interests in Fortex and in the New Jersey property, and the jury was instructed that they could find Mr. McIntosh guilty on that Count if they unanimously determined that he had concealed either interest. Mr. McIntosh had no financial interest in the New Jersey property, however, and the instruction to the jury was therefore based on an erroneous legal theory. Since we cannot determine with certainty that the jury convicted Mr. McIntosh of concealing his financial interest in Fortex, we must reverse his conviction on Count 1. Griffin v. United States, 502 U.S. 46, 59 (1991). We will remand this matter for a new trial on Count 1 amended to exclude the allegations regarding the New Jersey property. United States v. Self,

2 F.3d 1071, 1093-94 (10th Cir. 1993). Count 2 was based solely upon Mr. McIntosh's concealment of income from Fortex. We find sufficient evidence of the concealment of property, namely, approximately $68,500 of income for Fortex, and therefore affirm Mr. McIntosh's conviction on Count 2.

Mr. McIntosh argues that insufficient evidence supports his convictions on Count 3, charging him with concealment of the Pilcher fee in violation of 18 U.S.C. § 152(7), and Count 13, charging him with making a false statement on the March Operating Report regarding that fee in violation of 18 U.S.C. § 152(3). We conclude infra that the two counts are multiplicitous, but we reject Mr. McIntosh's argument that the evidence is insufficient for want of materiality. Merely because it is ultimately determined that an asset is not includible as part of the bankruptcy estate does not mean that the omitted information is incapable of influencing the proceedings, see United States v. Gaudin, 515 U.S. 506, 509 (1995) (definition of materiality under 18 U.S.C. § 1001). To the contrary, where the debtor is under a duty to disclose, the bankruptcy court must know about an asset to determine its status, including whether it is property of the estate or, in a reorganization case, how it affects the feasibility of the debtor's plan. See United States v. Ellis, 50 F.3d 419, 423 (7th Cir.), cert. denied, 116 S. Ct. 143 (1995); United States v. Cherek, 734 F.2d 1248, 1254 (7th Cir. 1984), cert. denied, 471

-10-

U.S. 1014 (1985).  The bankruptcy trustee so testified.  Vol. II, Trial Transcript, at 97-98.

### B. <u>Sufficiency of the Evidence of Money Laundering</u>

Mr. McIntosh also challenges the sufficiency of the evidence supporting the nine money laundering convictions.  Seven of those convictions were based upon 18 U.S.C. § 1956(a)(1)(A)(i),[1] which is aimed at money laundering which promotes the carrying on of an unlawful activity.  Mr. McIntosh was also convicted on one count of violating 18 U.S.C. § 1956(a)(1)(B)(i),[2] which is aimed at money laundering designed to conceal attributes of the proceeds of an unlawful activity, and on one count of engaging in a financial transaction with criminally derived proceeds in violation of 18 U.S.C. § 1957.  To convict a defendant under any of these three statutory provisions, the government must prove as an initial

---

[1]  18 U.S.C. § 1956(a)(1)(A)(i) provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity[,] with the intent to promote the carrying on of specified unlawful activity . . ." commits a federal offense.

[2]  18 U.S.C. § 1956(a)(1)(B)(i) provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity[,] knowing that the transaction is designed in whole or in part [] to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity . . ." commits a federal offense.

matter that the funds used in the financial transaction were in fact the proceeds of one of the specified unlawful acts enumerated in the statute. Bankruptcy fraud is one of the unlawful acts enumerated in the statute, 18 U.S.C. § 1956(c)(7)(D), however, the government has failed to prove that the funds used by Mr. McIntosh in the financial transactions at issue were the proceeds of bankruptcy fraud.

The government does not argue that the fee Mr. McIntosh received for representing Ms. Pilcher was the property of the bankruptcy estate. Mr. McIntosh earned that fee by representing Ms. Pilcher, and collected it pursuant to the terms of their agreement. Mr. McIntosh committed no criminal offense when he received the funds, when he and Ms. Pilcher negotiated the settlement check, or when he negotiated the checks representing his share of the settlement. On the days that these events occurred, Mr. McIntosh was under no immediate obligation to advise the court or his creditors of the receipt of that property or to turn the property over to the bankruptcy court. Without such a duty, Mr. McIntosh did not commit bankruptcy fraud when he engaged in the financial transactions at issue. See United States v. Chiarella, 445 U.S. 222, 226-29 (1980); United States v. Cochran, 109 F.3d 660, 665 (10th Cir. 1997); United States v. Irwin, 654 F.2d 671, 678-79 (10th Cir. 1981), cert. denied, 455 U.S. 1016 (1982); Edwards v. United States, 265 F.2d 302, 306 (9th Cir. 1959). Consequently, the funds involved in the transaction were not the proceeds of bankruptcy fraud, and Mr.

-12-

McIntosh could not have committed money laundering by spending those funds. Neither the enactment of the money laundering statute nor Mr. McIntosh's subsequent failure to report this property in the bankruptcy proceeding magically reached back and transformed these funds received from legitimate sources into the proceeds of unlawful activity. All of Mr. McIntosh's money laundering convictions must be reversed.

## II. Multiplicity

Mr. McIntosh argues that his convictions for bankruptcy fraud are multiplicitous. Multiplicitous counts—those which are based on the same criminal behavior—are improper because they allow multiple punishments for a single criminal offense. United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997) (citations omitted). We review claims of multiplicity de novo. Id. Because Mr. McIntosh failed to raise this issue in a pre-trial motion, we review only for plain error, United States v. Richardson, 86 F.3d 1537, 1551 (10th Cir.), cert. denied, 117 S. Ct. 588 (1996), and consider whether multiple sentences have been imposed for the same criminal conduct, United States v. Morehead, 959 F.2d 1489, 1506 & n.11 (10th Cir. 1992).

Mr. McIntosh argues that Count 3, charging him with concealment of the Pilcher fee in violation of 18 U.S.C. § 152(7), and Count 13, charging him with making a false statement on the March Operating Report regarding that fee in

-13-

violation of 18 U.S.C. § 152(3), are multiplicitous. As we have already noted, the government does not argue that the Pilcher fee was the property of the bankruptcy estate. Thus, Mr. McIntosh had no obligation to hold that property in trust for the bankruptcy estate; instead, his obligation was to disclose that fee in the March Operating Report. Instead of making the required disclosure—which would have avoided the charges brought under Count 3—he made the false statement which is the subject of Count 13. See United States v. Montilla Ambrosiani, 610 F.2d 65, 68 (1st Cir. 1979) (calling charges of concealment and false statement for the same act "another name for the same rose"), cert. denied, 445 U.S. 930 (1980). Thus, Mr. McIntosh committed both offenses charged with the same act—the false statement in the March Operating Report. While Congress undoubtedly may subject a defendant to multiple convictions and punishments for the same act, we find no evidence of its intention to do so under these circumstances. We therefore conclude that Mr. McIntosh's convictions under Counts 3 and 13 are multiplicitous, and remand this matter to the district court with instructions to vacate one of these two counts. See Ball v. United States, 470 U.S. 856, 864-65 (1985).

Because we have reversed Mr. McIntosh's conviction under Count 1, we need not consider his argument that Counts 1 and 2 are multiplicitous.

III. Jury Instructions

Mr. McIntosh raises three challenges to the jury instructions. He first argues that the district court erred in refusing to give the jury an advice-of-counsel instruction regarding Counts 1 and 2, and alleges that this refusal denied him the opportunity to put his theory of the case before the jury. We review a district court's decision on whether to give a particular jury instruction for abuse of discretion. Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1442 (10th Cir. 1997). A defendant is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law and if he has offered sufficient evidence for the jury to find in his favor. United States v. Swallow, 109 F.3d 656, 658 (10th Cir. 1997); see United States v. Moore, 108 F.3d 270, 273 (10th Cir. 1997).

Count 2 charged Mr. McIntosh with fraudulent concealment of approximately $68,500 in income from Fortex. We find in the record no evidence in support of Mr. McIntosh's argument that he disclosed the income to his attorney and thereafter relied upon the attorney's advice. The district court did not err in refusing to give an advice-of-counsel instruction regarding Count 2.

Although we have concluded that Mr. McIntosh's conviction on Count 1 must be reversed, we will address his argument regarding the proposed instruction in anticipation that the same evidence will be offered during retrial. Mr.

McIntosh's attorney testified that Fortex had been mentioned and that he—the attorney—had been remiss in not inquiring into the matter further and in failing to amend the bankruptcy schedules. Vol. II, Trial Transcript, at 241-46, 270-74, 284-94. This evidence is sufficient to justify an instruction to the jury regarding the advice of counsel. The existence of conflicting evidence—for example, Mr. McIntosh's accountant's testimony that Mr. McIntosh told him to remove Fortex from the financial records to be provided to the attorney—creates an issue for the jury to resolve.

Next, Mr. McIntosh argues that an instruction stating that he had a duty to disclose his assets in the bankruptcy proceeding effectively directed a verdict on materiality. When instructions given to the jury are challenged, we review the jury instructions as a whole, and determine de novo whether they correctly state the governing law and provide the jury with an ample understanding of the issues and applicable standards. Harrison, 112 F.3d at 1442. The jury was instructed that the government had the burden to prove each element of each offense beyond a reasonable doubt, and that to convict Mr. McIntosh of bankruptcy fraud, the jury had to find that he concealed a material fact. In the instruction focusing on Count 13, materiality was defined as "having the tendency or the capability of influencing the actions of . . . the bankruptcy court or trustee." The instructions

as a whole correctly stated the governing law and provided appropriate guidance to the jury.

Because we have reversed Mr. McIntosh's convictions on all of the money laundering counts, we need not consider his argument that the jury instructions improperly directed the jury to conclude that the funds involved were the proceeds of unlawful activity.

## IV. Admission of Evidence

Mr. McIntosh alleges that the district court erred in several evidentiary rulings. He contends that the district court's decisions admitted irrelevant evidence and caused undue prejudice. We review a district court's decisions to admit or exclude evidence under an abuse of discretion standard, United States v. Mitchell, 113 F.3d 1528, 1531 (10th Cir. 1997), and find no abuse of discretion in the court's evidentiary rulings. Given our conclusion that Mr. McIntosh had no financial interest in the New Jersey property, we need not reach his contention that the district court erred in excluding the opinions of his expert witness regarding that issue.

We also reject Mr. McIntosh's argument that he was prejudiced by the cumulative effect of the trial errors. United States v. Albers, 93 F.3d 1469, 1486 (10th Cir. 1996).

## V. Sentencing

We have reversed Mr. McIntosh's conviction on all of the money laundering charges and on one of the bankruptcy fraud charges, and have directed the district court to vacate another count of bankruptcy fraud. These conclusions render moot Mr. McIntosh's arguments concerning the amount of the loss used in determining his sentence on the money laundering counts and concerning the grouping of the bankruptcy fraud and money laundering counts.

These conclusions also necessitate resentencing on the two remaining counts of bankruptcy fraud, and consequently we decline to reach the remaining issue Mr. McIntosh asserts regarding the sentence imposed by the district court.

## Conclusion

Mr. McIntosh's convictions for bankruptcy fraud under Count 2 is AFFIRMED. Mr. McIntosh's conviction for bankruptcy fraud under Count 1 is REVERSED and REMANDED for a new trial. Mr. McIntosh's convictions for money laundering under Counts 4 through 12 are REVERSED. We also REMAND this matter to the district court for vacation of either Count 3 or Count 13, and for resentencing.