**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JONN ARTHUR GORE,

Defendant-Appellant.

No. 96-1523
(D.C. No. 96-CR-32-D)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from his conviction and sentence for bank robbery. See 18 U.S.C. § 2113(a), (d). The jury acquitted defendant on charges of using and carrying a firearm in relation to the commission of a crime of violence, see 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1). On appeal, defendant argues that the trial court erred in 1) computing his criminal history, for sentencing guidelines purposes, and failing to depart downward from the sentencing range mandated by the guidelines; 2) granting the government's motion to compel defendant to shave prior to his participation in a pretrial lineup; 3) refusing to instruct the jury that its decision was not meant to create a winner or a loser, but rather to do justice; and 4) denying defendant's motion to waive his right to a jury trial on the charge of being a felon in possession of a firearm. We affirm.

Addressing first the challenges to his conviction, defendant argues that the conviction was based upon eyewitness identification testimony that was the product of an impermissibly suggestive pretrial lineup. This court reviews such a challenge to a pretrial identification procedure to determine, first, whether the procedure was unduly suggestive; and, if it was, whether, in light of the totality of the circumstances, the witness's identification was nevertheless reliable. See United States v. Sanchez, 24 F.3d 1259, 1261-62 (10th Cir. 1994);

see also Messer v. Roberts, 74 F.3d 1009, 1016 (10th Cir. 1996) (addressing 28 U.S.C. § 2254 petition).

Defendant first argues that the lineup was impermissibly suggestive because he was the only participant to appear with a moustache. Because it was at his own behest that he appeared at the lineup with a moustache, defendant cannot now complain that the district court erred in allowing him to do so. See United States v. Scroger, 98 F.3d 1256, 1261 n.3 (10th Cir. 1996) (appellant cannot complain of error that he invited), cert. denied, 117 S. Ct. 1324 (1997).[1]

Defendant also argues that the lineup was impermissibly suggestive because he was the only participant who was not clean shaven and who was wearing a sweater. Because defendant did not assert these objections before the district court, we review only for plain error. See Fed. R. Crim. P. 52(b); see also United

---

[1]    Even if we were to address the merits of this claim, the lineup was not impermissibly suggestive. Although defendant was the only participant with a moustache, the two bank tellers viewing the lineup had both described the robber as having only several days' beard growth and no moustache. Rather than being unduly suggestive, therefore, the fact that defendant had a moustache made it more unlikely that the witnesses would identify him.

Further, while one of the tellers was able to identify defendant from the lineup, the other teller first identified another participant and then included defendant as one of two participants who looked like they fit the robber's description. This fact militates against determining that the lineup was unduly suggestive. See United States v. Borrelli, 621 F.2d 1092, 1095-96 (10th Cir. 1980).

States v. Moore, 487 F.2d 414, 416-17 (10th Cir. 1973). Therefore, defendant will be entitled to relief only if the trial court committed an error that was plain and affected his substantial rights, and that "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" See United States v. Clifton, No. 96-5018, 1997 WL 640621, at *2 (10th Cir. Oct. 17, 1997) (quoting Johnson v. United States, 117 S. Ct. 1544, 1549 (1997) (further quotation omitted)). Having reviewed the videotape of the lineup, we determine that the lineup was not impermissibly suggestive, see Messer, 74 F.3d at 1016 (participants in lineup possessed sufficient similarities to pass constitutional muster), and, therefore, the trial court's admission of the bank teller's testimony identifying defendant as the robber was not plain error.

Defendant next argues that the trial court erred in refusing to instruct the jury to "[r]emember . . . that the question before you can never be: will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict be guilty or not guilty." Rec., supp. vol. 1, doc. 4. The district court did not abuse its discretion in refusing to give this proffered instruction. See United States v. McIntosh, 124 F.3d 1330, 1337 (10th Cir. 1997). Reviewing de novo the instructions given, we conclude that, as a whole, they "correctly state[d] the governing law and provide[d] the jury with an ample understanding of the issues and applicable standards." Id.

Defendant also asserts that the trial court erred in denying his motion to waive a jury trial on the charge of being a felon in possession of a firearm.  He argues that the presentation to the jury of evidence of his prior felony conviction prejudiced his defense of the bank robbery charge.  Deeming defendant's motion to be one made pursuant to Fed. R. Crim. P. 14 and 23(a), we review only for an abuse of discretion.  See United States v. Patterson, 20 F.3d 809, 816 (10th Cir. 1994) (Rule 14 motion to sever); United States v. Clapps, 732 F.2d 1148, 1151 (3d Cir. 1984) (Rule 23(a) motion to waive jury trial), overruled in part on other grounds by McNally v. United States, 483 U.S. 350 (1987).

Rule 23(a) provides that a defendant may not waive his right to a jury trial without the consent of the government and the approval of the trial court.  See also United States v. Robertson, 45 F.3d 1423, 1431 (10th Cir. 1995).  Although the prosecution did ultimately agree to defendant's waiver of a jury trial on the felon in possession charge, the trial court refused to accept the waiver, preferring instead that one trier of fact consider all three interrelated charges.  The trial court did not abuse its discretion in denying defendant's Rule 23(a) motion. See Clapps, 732 F.2d at 1151-52 (district court did not abuse its discretion in denying motion to waive jury trial, despite government's acquiescence, because court anticipated trial would include credibility determinations best left to jury). See generally United States v. Martin, 704 F.2d 267, 272 (6th Cir. 1983) (because

-5-

trial court bears substantial responsibility for jealously preserving jury trials, the constitutionally preferred method of disposing of criminal cases, trial court should not lightly approve trial waivers).

In Singer v. United States, 380 U.S. 24 (1965), the Supreme Court noted the possibility that "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that . . . insistence on trial by jury would result in the denial to a defendant of an impartial trial." Id. at 37. Defendant, however, has failed to show the existence of any such compelling circumstances in this case. See United States v. Clark, 943 F.2d 775, 777, 784 (7th Cir. 1991) (jury trial on non-complex charge of being felon in possession of firearm did not present compelling circumstances requiring bench trial over government's objection); United States v. Kramer, 355 F.2d 891, 899 (7th Cir.) (claim that disclosure of defendant's prior murder conviction would have prejudiced jury, if defendant had elected to testify, did not state exceptional circumstances that might compel bench trial), cert. granted and decision vacated in part on other grounds, 384 U.S. 100 (1966).

Moreover, the trial court did not abuse its discretion in refusing to sever the felon in possession charge. In reviewing the district court's refusal to sever a count, we examine "the record for undue prejudice on a case-by-case basis," looking also for the presence of any limiting jury instructions. Patterson, 20 F.3d

at 816. In this case, the prosecution's evidence of the prior conviction was minimal and the trial court's instructions limited the jury's consideration of the prior conviction. See id.

Defendant also posits several challenges to his sentence. First, defendant argues that the sentencing court erred in using a Nevada misdemeanor sentence to calculate his criminal history. Section 4A1.2(e)(2) of the sentencing guidelines requires inclusion in the criminal history calculation of any sentence "imposed within ten years of the defendant's commencement of the instant offense."

Defendant argues, for the first time on appeal, that there was insufficient proof before the sentencing court that the Nevada court actually imposed this sentence within ten years of the federal bank robbery offense. Because defendant, at sentencing, never challenged the accuracy of the presentence report's indication that the Nevada court imposed sentence on December 24, 1985, that fact is deemed admitted. See United States v. Graves, 106 F.3d 342, 344 (10th Cir. 1997).

Next, defendant argues that the district court erred in not granting him a downward departure because the bank robbery at issue here occurred on December 19, 1995, within five days of the expiration of § 4A1.2(e)(2)'s ten-year period following the imposition of the Nevada sentence. Because "nothing in the record indicates that the district court thought it lacked discretion to depart

downward," this court lacks jurisdiction to review the district court's decision not to do so. United States v. Banta, No. 96-4030, 1997 WL 644408, at *1 n.1 (10th Cir. Oct. 20, 1997).

Lastly, defendant challenges the sentencing court's assessment of two points for obstruction of justice, after determining that defendant and his wife had committed perjury while testifying at trial. See U.S.S.G. § 3C1.1, application note 7 ("Under this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured or willfully caused."). We review the district court's finding for clear error, giving due deference to the district court's application of the guidelines to the facts. See United States v. Hargus, No. 97-6014, 1997 WL 656793, at *6, *7 (10th Cir. Oct. 22, 1997). In order to impose this two-level enhancement based upon perjured trial testimony, the sentencing court must 1) find that defendant and his wife committed perjury - that is, that they testified falsely under oath concerning a material matter, with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory; and 2) identify the specific testimony that it finds to have been perjured. See, e.g., United States v. Copus, 110 F.3d 1529, 1536 (10th Cir. 1997).

Defendant argues that the district court failed to make specific findings as to what testimony it found to be perjured, and that, viewing the evidence in the

light most favorable to defendant, <u>see</u> U.S.S.G. § 3C1.1, application note 1, the testimony of defendant and his wife cannot be considered perjury. Having reviewed the record, we determine that the district court did specify what testimony it found to be perjured and that determination was not clearly erroneous.

The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED. Defendant's pending appellate motions are DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge