**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                                                Elisabeth A. Shumaker
Clerk                                                                                    Chief Deputy Clerk

August 2, 2000


**TO:**  ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**  99-8046, *Call, et al. v. State Industries*
Filed on July 24, 2000

The order and judgment contains a typographical error on page two, first sentence of the decision.  The reference to "Afton, Colorado" is corrected to read "Afton, Wyoming."  The first sentence should now read:

On a cold December night in Afton, Wyoming, the Calls' home and virtually everything in it burned to the ground.

Please make the correction to your copy of the order and judgment.

Sincerely,

Patrick Fisher, Clerk of Court


By:   Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEE CALL and DIANE CALL;
STATE FARM FIRE AND
CASUALTY COMPANY, an Illinois
corporation; STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Plaintiffs-Appellees,

v.

STATE INDUSTRIES, a Tennessee
corporation,

      Defendant-Appellant.

No. 99-8046
(D.C. No. 98-CV-120-D)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

State Industries appeals from a jury verdict finding that a hot water heater it

had manufactured was defective and caused a fire that destroyed Dee and Diane

Call's home. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On a cold December night in Afton, Wyoming, the Calls' home and virtually everything in it burned to the ground. The Calls and their insurers, State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm"), exercising their right of subrogation, brought an action in federal court against State Industries alleging that a design defect in an electric water heater manufactured by the defendant and installed in the Calls' home caused the fire. [1] Plaintiffs presented evidence that a combination of high temperatures and excessive moisture caused high-resistance heating of the hot water heater's internal wiring, which in turn ignited surrounding material in the heater and eventually the structure of the house. Additional evidence supported the theory that the high-resistance heating was made possible by the use of substandard wiring in the heater. State Industries agreed the fire originated in the area of the hot water heater and was electrical, but presented evidence in support of its theory that structural wiring was the cause.

The jury found in favor of plaintiffs and awarded $473,000 in damages. The district court denied State Industries's post-trial motions for judgment as a matter of law, an amended judgment, and a new trial. This appeal followed.

---

[1] Plaintiffs also alleged negligence and breach of the warranty of merchantability but subsequently dropped those claims.

## II

State Industries raises six arguments on appeal: (1) the district court improperly failed to instruct the jury on comparative fault; (2) plaintiffs' evidence on damages was inadmissible and insufficient; (3) plaintiffs' experts were not properly qualified and their opinions were unreliable; (4) the district court improperly admitted evidence of other incidents of heater defects; (5) the district court improperly admitted evidence of remedial design modifications; and (6) the evidence was insufficient to establish that a defect in the heater caused the fire.

### A

In general, we review for abuse of discretion the district court's decision not to submit a comparative fault instruction to the jury. See United States v. McIntosh, 124 F.3d 1330, 1337 (10th Cir. 1997). "A defendant is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law and if he has offered sufficient evidence for the jury to find in his favor." Id. (citing United States v. Swallow, 109 F.3d 656, 658 (10th Cir. 1997)) (further citation omitted). In a diversity case, "we look to the state law to determine the basic elements of the legal theories asserted, and then to the evidence to see if it supports the granting of the instruction." Perlmutter v. United States Gypsum

Co., 4 F.3d 864, 872 (10th Cir. 1993). [2] The parties agree that Wyo. Stat. Ann. § 1-1-109 establishes the elements of comparative fault. That section provides that the court must reduce the award of damages "in proportion to the percentage of fault attributed to the claimant," Wyo. Stat. Ann. § 1-1-109(d), and defines fault to include "acts or omissions, determined to be a proximate cause of death or injury to person or property, that are in any measure negligent, or that subject an actor to strict tort or strict products liability, and includes breach of warranty, assumption of risk and misuse or alteration of a product," Wyo. Stat. Ann. § 1-1-109(a)(iv).

Thus, we analyze whether the district court abused its discretion in concluding that there was insufficient evidence that the Calls were at fault. "There must be more than a mere scintilla of evidence to support an instruction. Sufficient competent evidence is required." Perlmutter, 4 F.3d at 872 (quoting Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1297 (10th Cir. 1989)). Moreover, "[t]he evidence justifying the instruction must be more than speculation or conjecture." Id. (citing Brownlow v. Aman, 740 F.2d 1476, 1490 (10th Cir. 1984)). State Industries argues that the following evidence presented to the jury

---

[2] In light of our well-established standard of review, there is no merit to State Industries's argument that the district court's refusal to give the comparative fault instruction was equivalent to granting sua sponte a directed verdict in favor of plaintiffs and therefore should be subject to a less deferential standard of review.

could support a finding that the Calls were at fault: They improperly installed the heater, creating the leak that, under the plaintiffs' theory, compromised the wiring; they failed to have the heater serviced even though the thermostat was not working properly, preventing the discovery of the compromised wires; and they left a cover off the heater, permitting the fire in the heater to escape and ignite the house. After carefully reviewing the trial transcript, we conclude State Industries fails to meet the high threshold of demonstrating the district court abused its discretion in declining to submit the requested comparative fault instruction.

**B**

On the issue of damages, State Industries appears to argue both that the evidence concerning damages was improperly admitted and that it was insufficient to support the jury's award. State Industries first objected to the damages award in its motion for an amended judgment or new trial. "While state law governs a party's substantive entitlement to damages in a diversity case like this, it is well-established that federal law governs the grant or denial of a new-trial motion in diversity cases, and, at least in this Circuit, governs the determination whether evidence is sufficient to support a verdict." Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1259 n.47 (10th Cir. 1999) (citations omitted). Under federal law, we review for abuse of discretion the district court's disposition of a motion for an amended judgment or new trial

on the basis of an excessive verdict.  See Hynes v. Energy West, Inc., 211 F.3d

1193, 1206 (10th Cir. 2000).  In order to establish an abuse of discretion, State

Industries

> carries the heavy burden of demonstrating that the verdict was
> clearly, decidedly, or overwhelmingly against the weight of the
> evidence. . . .  [A]bsent an award so excessive or inadequate as to
> shock the judicial conscience and to raise an irresistible inference
> that passion, prejudice, corruption or other improper cause invaded
> the trial, the jury's determination of the fact is considered inviolate.

Id. (quoting Campbell v. Bartlett, 975 F.2d 1569, 1577 (10th Cir. 1992) (further

citation omitted)).[3]

Federal law also governs the admissibility of evidence in diversity cases in

federal court, see Romine v. Parman, 831 F.2d 944, 944 (10th Cir. 1987)

(citations omitted), and neither party cites to authority indicating that general rule

is inapplicable in the instant case.  We review for abuse of discretion the district

court's admission of evidence concerning damages.  See Robinson v. Missouri

Pac. R.R. Co., 16 F.3d 1083, 1086 (10th Cir. 1994).

---

[3] On occasion, this Court has stated that a jury's damages award must be affirmed "unless it is clearly erroneous or there is no evidence to support the award."  Sanjuan v. IBP, Inc., 160 F.3d 1291, 1299 (10th Cir. 1998) (quoting Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1330 (10th Cir. 1996)); see also Vining v. Enterprise Fin. Group, Inc., 148 F.3d 1206, 1216 (10th Cir. 1998) (setting forth both standards).  Even if there is a substantive difference between that standard of review and the standard set forth in the body of this opinion, under either standard the outcome in this case would be the same.

State Industries attacks the admissibility and sufficiency of the evidence concerning the value of the Calls' home and the personal property in the home. Under the governing substantive law of Wyoming, see Morrison Knudsen Corp., 175 F.3d at 1259 n.47, the measure of property damage generally is "the fair market value of the property or, in the case of goods having no ascertainable market value, the actual economic value to the owner," Broyles v. Broyles, 711 P.2d 1119, 1124 (Wyo. 1985) (citing Shikany v. Salt Creek Transp. Co., 45 P.2d 645 (Wyo. 1935)) (further citations omitted). Thus, a plaintiff is not entitled to recover for "sentimental or fanciful value." Id. (citing Shikany, 45 P.2d at 645). "The burden of proving the value of lost property rests on the party seeking recovery . . . ." Id. (citing Ely v. Kirk, 707 P.2d 706 (Wyo. 1985); Shikany, 45 P.2d at 645). "Damages must be proven with a reasonable degree of certainty so that the fact-finder, in turn, can determine the amount with a measurable degree of certainty. Exact certainty of the amount of damages need not be proven, but remote, conjectural or speculative damages are not allowed." Reposa v. Buhler, 770 P.2d 235, 238 (Wyo. 1989) (citations omitted). Ultimately, "[v]aluation of property is a question of fact, and there is no universal standard for such a determination." O's Gold Seed Co. v. United Agri-Products Fin. Servs., Inc., 761 P.2d 673, 676 (Wyo. 1988).

Evidence concerning the fair market value of the Calls' home was brought in through the testimony of Dee Call. He testified that he is involved in the construction business, has built and sold several homes, stays informed about the real estate market in the Afton area, and has personal knowledge of the characteristics and value of two comparable homes on the market in the Afton area. Without citation to legal authority, State Industries contends Dee Call was unqualified to express an opinion as to the market value of his destroyed home and failed to provide an adequate foundation for his opinion. We disagree. As the owner of the home and one familiar with the local residential real estate market, Dee Call was qualified to testify as to the home's value. See Malloy v. Monahan, 73 F.3d 1012, 1016 (10th Cir. 1996). Moreover, evidence concerning the value of two comparable homes provided an adequate foundation for his opinion. Cf. United States v. Sowards, 370 F.2d 87, 92 (10th Cir. 1966) (stating that an owner's opinion as to value "must have a rational foundation" (citations omitted)). We conclude the evidence presented was both properly admitted and sufficient to establish to a reasonable degree of certainty the fair market value of the Calls' home.[4]

---

[4] State Industries also contends plaintiffs failed to disclose prior to trial their computation of fair market value based on the two comparable homes as required by local rule. Because the record on appeal does not contain the pre-trial disclosures, we cannot and will not address that claim. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992).

With regard to the value of personal property destroyed in the fire, State Industries's arguments on appeal, once again made without citation to legal authority, are focused exclusively on an inventory list prepared by Diane Call for State Farm.[5] State Industries contends the estimated values on the inventory list are based on replacement cost and include sentimental value. Specifically, it points out some of the values were entered in the "replacement cost" column and not the "actual cash value" column and singles out the price attached to photograph albums as evidence of sentimental value. Our review of the record, however, reveals that Diane Call testified all her property values represented market value and did not incorporate sentimental value. We therefore conclude the district court properly admitted into evidence the inventory list and Diane Call's testimony concerning the inventory, leaving the ultimate determination of credibility to the jury. See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1230 (10th Cir. 2000) ("It is within the virtually exclusive purview of the jury to evaluate credibility and fix damages." (citation omitted)); cf. Weathers v. State, 652 P.2d 970, 973-74 (Wyo. 1982) ("[A]n owner can

---

[5] State Industries does not challenge the values on the inventory sheet that were provided by Dee Call. Moreover, although State Industries contends certain amendments made to the inventory by Diane Call were not disclosed until the day of her testimony, it did not object to the admission of the inventory sheet on that basis and therefore did not properly preserve the issue for appeal. See United States v. Mendoza-Salgado, 964 F.2d 993, 1008 (10th Cir. 1992).

testify as to his opinion of market value without having a particular expertise; the weight given to such testimony is left to the jury."). Furthermore, based on that evidence a jury could determine to a measurable degree of certainty the value of the personal property destroyed in the fire.

Finally, the jury award is not grossly excessive, given that it was less than the amount of damages supported by the evidence.

## C

Federal Rule of Evidence 702 imposes on a district court a gatekeeping obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 570, 589 (1993). The Supreme Court has made clear that "where [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999) (quoting Daubert, 509 U.S. at 592). The trial judge has broad discretion "to determine reliability in light of the particular facts and circumstances of the particular case." Id. at 158; see also United States v. Charley, 189 F.3d 1251, 1266 (10th Cir. 1999), cert. denied, 120 S. Ct. 842 (2000). That broad discretion applies both in "deciding how to assess an expert's reliability, including what procedures to

utilize in making that assessment, as well as in making the ultimate determination of reliability." United States v. Velarde, No. 99-2297, 2000 WL 710494, at *4 (10th Cir. June 2, 2000) (citing Kumho Tire, 526 U.S. at 152) (further citation omitted).

After carefully reviewing the record, we conclude the district court properly exercised its gatekeeping responsibility under Daubert and Kumho Tire, conducting extensive hearings that established the qualifications of plaintiffs' experts Toby Nelson and George Hodge. The district court likewise properly exercised its gatekeeping function in determining that the opinions of Hodge and Nelson were reliable and relevant. [6] Establishing a precise "rate of error" and demonstrating that the experts' results were "subjected to peer review and publication" are not, as State Industries suggests, prerequisites to a finding of reliability in all instances. See Kumho Tire, 526 U.S. at 150 (emphasizing that those and other factors discussed in Daubert "do not constitute a 'definitive checklist or test'" (quoting Daubert, 509 U.S. 593)); see also Charley, 189 F.3d at 1261 n.11 ("[The district court's] evidentiary decisions do not warrant reversal if it determined, in some apparent manner, that the expert testimony it admitted was reliable." (citation omitted)). Moreover, any purported shortcomings of

---

[6] A third expert, Donald Peak, also testified for plaintiffs. State Industries does not challenge Peak's qualifications and only challenges the reliability of his opinions to the extent they are based on the opinions of Hodge and Nelson.

Hodge or Nelson's methods and theories were adequately brought out in cross-examination by defense counsel. We discern no abuse of discretion.

State Industries also contends that Hodge and Nelson testified to theories that were not properly disclosed in advance of trial, in violation of Fed. R. Civ. P. 26(a) and 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir.1996)). Appellant's failure to include in the record on appeal relevant portions of the experts' depositions, designations, and reports substantially limits our ability to assess the merits of this claim. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992). To the extent the record permits review, the district court did not abuse its discretion in finding that the experts' opinions were properly disclosed.

**D**

In order to introduce evidence that other individuals had experienced problems with hot water heaters manufactured by State Industries, plaintiffs were required to show "that the circumstances surrounding [the other incidents] were substantially similar to those involved in the present case." Ponder v. Warren Tool Corp., 834 F.2d 1553, 1560 (10th Cir. 1987) (quoting Karns v. Emerson

Elec. Co. , 817 F.2d 1452, 1460 (10th Cir. 1987)) (further citations omitted).  The

requisite degree of similarity required varies depending on the purpose for which

the evidence of the other incidents is used.      See id.  Both incidents introduced

through Peak's testimony involved the same model heater with the same

thermostat problems as experienced by the Calls, and one of those incidents also

involved a fire in the heater.  The testimony of similar incidents was used in

support of Peak's conclusion that the Calls' heater was capable of causing a fire.

We conclude the circumstances of the two incidents were sufficiently similar to

the circumstances of the instant case in light of the purpose for which they were

used, and therefore the district court did not abuse its discretion when it admitted

that evidence.

**E**

In diversity actions involving a strict products liability claim, the question

of whether to permit evidence of subsequent remedial measures is governed by

state law.   See  Wheeler v. John Deere Co.   , 862 F.2d 1404, 1410 (10th Cir. 1988);

see also  Moe v. Avions Marcel Dassault-Breguet Aviation     , 727 F.2d 917, 932

(10th Cir. 1984).  [7]  Under Wyoming law, evidence of remedial measures is

---

[7] State Industries points out that this Court has on at least one occasion
applied Fed. R. Evid. 407 in a diversity case involving a strict liability claim.            See
Hull v. Chevron U.S.A., Inc.   , 812 F.2d 584 (10th Cir. 1987).      Hull, however, also
involved negligence claims, and it is unclear to which claim the court was
referring when it held the evidence of remedial measures was inadmissible under

admissible in a strict liability action if the plaintiff also presents "substantial evidence which proved or tended to prove" the change was undertaken to cure a defect. Caldwell v. Yamaha Motor Co., 648 P.2d 519, 525 (Wyo. 1982). Nelson testified that the subsequent design modifications to the hot water heater decreased the amount of moisture that could enter the area of the heater containing the wiring, and therefore significantly reduced the risk of high-resistance heating. We conclude, in light of that testimony, that the district court did not err in admitting the evidence of subsequent remedial measures.

## F

State Industries's final argument on appeal is that the evidence introduced at trial is insufficient to support the jury's verdict as to defect and causation. We will not reverse a jury verdict unless, viewing the record in the light most favorable to the prevailing party, "it is clearly, decidedly, or overwhelmingly against the weight of the evidence." Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotation omitted). In the instant case, the issues of defect and causation were hotly contested, with evidence presented both to

---

Rule 407 to prove "culpable conduct." Id. at 587. In the instant case, by contrast, plaintiffs abandoned their negligence claims for the purpose of avoiding exclusion of evidence of subsequent remedial measures. To the extent Hull can be read to hold that Rule 407 and not state law governs whether a federal court should exclude evidence of remedial measures in a strict liability case, we are bound by the contrary rule announced in the earlier case of Moe, 727 F.2d at 932. See Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

support and refute plaintiffs' theory of the case. We decline to substitute our judgment for that of the jury in resolving such a factual dispute, and conclude that the verdict is not against the weight of the evidence.

## III

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge