**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

MARSHELL CANTRELL TAYLOR,
also known as MARSHALL C.
TAYLOR,

      Defendant – Appellant..

No. 05-6302
(D.C. No. CR-03-198-HE)
(W.D. Okla)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Marshell Taylor appeals his sentence for being a felon in possession of a
firearm. Because the district court did not err in its decision to admit evidence at
Taylor's sentencing hearing and because his claim is barred by directly applicable
precedent, we **AFFIRM** the district court's sentencing order.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

We discussed the underlying facts of this case when we first heard it on appeal. United States v. Taylor, 413 F.3d 1146, 1150-51 (10th Cir. 2005). Taylor pled guilty to being a felon in possession of a firearm and pursuant to a plea agreement, waived his right to appeal. The district court found that Taylor had previously committed three violent felonies. As such, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Taylor was subject to a fifteen-year mandatory minimum sentence. The district court then sentenced Taylor to a prison term of 230 months.

Taylor appealed, arguing that: (1) his waiver of appellate rights pursuant to his plea bargain permitted challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases that have retroactive effect; and (2) the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005) rendered the district court's decision unconstitutional because there was insufficient evidence to demonstrate that his previous convictions arose from different criminal episodes.[1] In Shepard, the Supreme Court held that courts can look only to certain prescribed sources of information to determine whether a previous offense qualified as a violent felony under ACCA. Shepard, 125 S. Ct. at 1263. The district court did not explain what records it relied on to determine

_____

[1] Taylor also raised a challenge under United States v. Booker, 543 U.S. 220, (2005), which we found had no merit. Taylor, 413 F.3d at 1153-55.

whether Taylor qualified as an armed career criminal.  As such, it was impossible to determine whether the sentence was consistent with <u>Shepard</u>.  <u>Taylor</u>, 413 F.3d at 1157-58.  We ordered a limited remand for the district court:

> 1) to determine whether the government can provide evidence regarding Taylor's prior violent crime convictions consistent with <u>Shepard</u>; and

> 2) in the event the government cannot provide such evidence, to resentence Taylor consistent with this opinion and <u>Shepard</u>.

<u>Id.</u> at 1158.  On remand, the district court held a sentencing hearing.  The government introduced evidence of the defendant's prior convictions, and the district court overruled Taylor's objection that no new evidence should have been introduced on resentencing.  The district court held that the evidence was sufficient under <u>Shepard</u> for Taylor to qualify as an armed career criminal and resentenced Taylor to 230 months' imprisonment.

Taylor now appeals this decision, claiming that it was improper for new evidence to be introduced on resentencing, that the evidence relied upon by the district court was not consistent with <u>Shepard</u>, and that it was unconstitutional for a judge to determine whether previous felony convictions qualify a defendant for

the armed career criminal enhancement under evolving Sixth Amendment jurisprudence.[2]

The district court did not err when it permitted the government to introduce new evidence at the resentencing hearing.  We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion.  United States v. McIntosh, 124 F.3d 1330, 1338 (10th Cir. 1997).   We ordered a limited remand that specifically required the district court "to determine whether the government can provide evidence regarding Taylor's prior violent crime convictions."  On remand, this is exactly what the district court did:  it permitted the government to introduce evidence consistent with the Supreme Court's opinion in Shepard.  The district court did not err – it simply read our order and followed it.

Further, the documents that the government introduced at resentencing were the charging documents and the judgment and sentence for Taylor's three prior violent felonies.  The district court's reliance on these documents was clearly proper under Shepard.  125 S. Ct. at 1263.

Taylor's other argument – that ACCA is unconstitutional because it permits judges to determine as a matter of fact whether a defendant has previously

---

[2]  The government argues that the appeal waiver Taylor signed as part of his plea bargain bars this appeal.  As we noted in Taylor, 413 F.3d at 1151-53, Taylor's appeal fits within one of the exceptions to the waiver.

committed violent felonies – has no merit. We considered an identical argument in <u>United States v. Moore</u>, 401 F.3d 1220, 1224 (10th Cir. 2005) and held that a defendant may have his sentence enhanced under ACCA without the fact of his previous sentence being charged in the indictment. Taylor does not distinguish his case in any way from <u>Moore</u> and hence his claim fails.

For the reasons stated above, we **AFFIRM** the district court's sentencing order.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge